## Delaware Township *versus* Greenwood Township.

1. In controversies between districts for the poor, the jurisdiction is in the Quarter Sessions.

2. A promise by the overseers of one district to another cannot divest the jurisdiction.

3. Directors of Chester *v.* Malany, 14 P. F. Smith 144, recognised as to this point.

4. Consent cannot give jurisdiction.

May 19th 1870. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Juniata county* : No. 67, to May Term 1870.

This case originated in an action before a justice of the peace by the Overseers of the Poor of Delaware township against the Overseers of the Poor of Greenwood township, to recover for the support during sickness, and funeral expenses of Samuel Simpson, a pauper of the defendants. The case was removed into the Court of Common Pleas by appeal to February Term 1869. The plaintiffs declared in assumpsit.

The plaintiffs gave evidence of the settlement of the pauper in Greenwood township; they also gave evidence that the pauper fell sick in Delaware township and could not be removed without endangering his life, and that one of the overseers of Greenwood directed the plaintiffs, after the death of the pauper, "to go on and pay all expenses and he would levy a tax and pay the whole bill."

The plaintiffs submitted four points.

The court (Graham, P. J.) referred to the facts in the case and the law, and, in conclusion, charged :—

"I do not consider that it would alter the law of the case even if the promise was unconditional, for if a promise was made, payment must be enforced in the Quarter Sessions, in the mode required by the Act of 1836. We therefore answer the points presented by plaintiffs' counsel in the negative, and instruct you that the plaintiffs cannot recover in the present form of action, and it is your duty to find for the defendants."

The verdict was for the defendants.

[Delaware Township *v.* Greenwich Township.]

The plaintiffs took out a writ of error, and assigned for error the charge of the court.

*Parker & Alexander,* for plaintiffs in error, cited Act of June 13th 1836, §§ 7, 23, Pamph. L. 542, Purd. 795, 796, pl. 8, 11; Bradford Township *v.* Keating Township, 3 Casey 275; Directors of Chester *v.* Worthington, 2 Wright 160; Directors of Westmoreland County *v.* Murry, 8 Casey 178; N. Whitehall *v.* S. Whitehall, 3 S. & R. 128; Overseers *v.* Kline, 9 Barr 219.

*E. S. Doty & Son,* for defendants in error, cited Act of March 21st 1806, § 13, 4 Sm. Laws 432, Purd. 41, pl. 5; Bowman *v.* Herr, 1 Penna. R. 282; Downer *v.* Downer, 9 Watts 60; Craven *v.* Bleakney, Id. 19; Strickler *v.* Sheaffer, 5 Barr 240; Mohler's Appeal, 8 Id. 26; Thomas *v.* Simpson, 3 Id. 60; Seider *v.* Seider, 5 Whart. 208; Myers *v.* Black, 5 Harris 193; Ashford *v.* Ewing, 1 Casey 213.

The opinion of the court was delivered, July 7th 1870, by

SHARSWOOD, J.—In The Directors of the Poor of Chester County *v.* Malany, argued at January Term 1870, we had occasion to consider the subject of the jurisdiction in pauper cases, and it was held that, in controversies between contending townships, the jurisdiction was exclusively in the Quarter Sessions, by virtue of the 23d section of the Act of Assembly of June 13th 1836, Pamph. L. 530, and the 13th section of the Act of March 21st 1806, 4 Sm. L. 332. Nor can a promise by the overseers of one township to another divest the jurisdiction. If the township was not legally liable for the maintenance of the pauper, the promise of the overseers could not impose that responsibility upon it: Berks County *v.* Pile, 6 Harris 493. Nor can consent give jurisdiction. There was no error therefore in the charge of the learned judge below directing a verdict for the defendants.

Judgment affirmed.